UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

CASIMIR GRIFFIN,                                    11 Civ. 2667

                                                    OPINION
                    Plaintiff,

    -against-

CARL DUBOIS, Sheriff of Orange County,
P. PACHECO, NYS Division of Parole Area
Supervisor, RICHARD HEFFERNAN, Parole
Specialist, and EDWARD MEVEC, Administrative
Law Judge,

                    Defendants.

------------------------------------------X



A P P E A R A N C E S:

    Pro Se

    CASIMIR GRIFFIN
    P.O. Box 329001, Reg. # 90706054
    Brooklyn, NY  11232


    Attorneys for Defendant Carl Dubois

    ORANGE COUNTY DEPARTMENT OF LAW
    255 Main Street
    Goshen, NY  10924
    By:  Hyun Chin Kim, Esq.

    Attorneys for Defendants P. Pacheco, Richard Heffernan
    and Edward Mevec

    ERIC T. SCHNEIDERMAN
    Attorney General of the State of New York
    120 Broadway
    New York, NY  10271
    By:  Julia H. Lee, Esq.

**Sweet, D.J.**

The Defendant Carl Dubois ("Dubois") has moved, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint (the "Amended Complaint") of Plaintiff Casimir Griffin ("Griffin," or the "Plaintiff"). The Defendants P. Pacheco ("Pacheco"), Richard Heffernan ("Heffernan"), Edward Mevec ("Mevec") and the New York State Department of Corrections and Community Supervision ("DOCCS," collectively the "State Defendants" and, with Dubois the "Defendants") have also filed a motion to dismiss the Amended Complaint pursuant to the same rule. The Plaintiff has filed a motion to compel pursuant to Fed. R. Civ. P. 34. Based upon the conclusions set forth below, the Defendants' motions to dismiss are granted, and the Plaintiff's motion to compel is denied.

**Prior Proceedings**

On April 14, 2011, Griffin filed his initial complaint naming Dubois and the New York State Division of Parole as defendants. On October 17, 2011, the Plaintiff's complaint was dismissed for failure to serve the defendants within 120 days of filing in violation of Fed. R. Civ. P. 4(m). After discovering

1

that the Plaintiff had been transferred to a facility not listed as his mailing address, the Court reopened the Plaintiff's case and ordered that a new service package be sent to Griffin's current location. On November 10, 2011, the Plaintiff filed the Amended Complaint naming Dubois, the New York State Division of Parole, Pacheco, Heffernan and Mevec as defendants.

Dubois filed his motion to dismiss on January 26, 2012. On January 27, Griffin filed a motion pursuant to Fed. R. Civ. P. 34 requesting discovery. The State Defendants filed their motion to dismiss on February 2. Dubois' motion to dismiss was marked fully submitted on February 22, and the State Defendants' motion to dismiss was marked fully submitted on March 7. Upon request of the Plaintiff, on February 20, the briefing schedule concerning the motion to compel was extended thirty days, and the Plaintiff's motion to compel was marked fully submitted on March 23.

**The Amended Complaint**

The Amended Complaint asserts the following allegations, which are assumed to be true for purposes of addressing the present motion to dismiss.

2

Excluding the New York State Division of Parole, the Defendants are various New York State officials. Dubois is the Sheriff of Orange County, Pacheco is a Parole Area Supervisor, Heffernan is a Parole Specialist and Mevec is an Administrative Law Judge. The Amended Complaint alleges that on June 10, 2008, at approximately 2:30 p.m., Griffin was arrested for violating his parole. After Griffin was held for 116 days, the Supreme Court of the State of New York, Orange County ordered that Griffin be released. The Amended Complaint alleges that Dubois, Pacheco, Heffernan and Mevec are responsible for holding Griffin illegally for the 116 day period and states that Griffin suffered "unlawful imprisonment, pain and suffering, mental and emotional distress as well as family hardships." Griffin seeks $5.5 million in monetary damages and asks that the Defendants bear the cost of his mental health counseling and treatment.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'The

3

issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570. Though the Court must accept the factual allegations of a complaint as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's

4

possession or that the plaintiff knew of and relied on when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

In addressing the present motions, the Court is mindful that Griffin is proceeding pro se and that his submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The courts "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest." Fuller v. Armstrong, 204 Fed. Appx. 987, 988 (2d Cir. 2006); see also Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency

5

than we would when reviewing a complaint submitted by counsel."). However, the courts will not "excuse frivolous or vexatious filings by pro se litigants," Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**The Defendants' Motions To Dismiss The Amended Complaint Are Granted**

Because the Plaintiff has failed to state a claim upon which relief can be granted, the Defendants' motions to dismiss are granted.

**A. The Amended Complaint Is Dismissed With Respect To Dubois, Pacheco, Heffernan and Mevec**

The Amended Complaint seeks to impose liability on Dubois, Pacheco, Heffernan and Mevec, alleging that these four individuals "did illegally hold Plaintiff, Casimir Griffin for a total of 116 days." Reading these allegations most liberally, the Amended Complaint appears to allege a violation of 42 U.S.C.

6

§ 1983, which imposes civil liability on those "who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." 42 U.S.C. § 1983. To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violation. See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) ("Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983."); Joyner v. Griener, 195 F. Supp. 2d 500, 505 (S.D.N.Y. 2002) ("It is well settled in this Circuit that, in order to state a cognizable claim under 42 U.S.C. § 1983, a complaint must contain specific allegations of personal involvement of defendants in alleged constitutional deprivations . . .") (internal citations and quotation marks omitted).

Here, the Amended Complaint alleges that Dubois, Pacheco, Heffernan and Mevec illegally detained the Plaintiff, but the Amended Complaint does not provide sufficient facts to support the allegation. Wholly conclusory statements, with

7

nothing more, cannot serve to defeat a Rule 12(b)(6) motion to dismiss.  See Wightman-Cervantes v. Am. Civil Liberties Union, No. 06 Civ. 4708(DC), 2007 WL 1805483, at *1-2 (S.D.N.Y. June 25, 2007); Jaffer v. Chemical Bank, No. 93 CIV. 8459 (KTD), 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994) ("When a complaint's caption names a defendant but the complaint does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted.").  It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977).  Although the Plaintiff alleges that Griffin was held illegally for 116 days, the Amended Complaint lacks sufficient facts to establish why Griffin's incarceration was unlawful and how each of the individual defendants was personally involved.

In addition, each of the individual defendants, by virtue of his position, is afforded some shelter from civil liability, and the Amended Complaint fails to present facts establishing why any of the individual defendants should be held liable notwithstanding this legal protection.  With respect to Dubois, it must be noted that "[n]o claim of false imprisonment

8

lies against a defendant . . . for accepting and housing a prisoner pursuant to a lawful remand of a court." Bowman v. City of Middletown, 91 F. Supp. 2d 644, 650 (S.D.N.Y. 2000). The Amended Complaint fails to allege that Dubois acted outside the scope his lawful authority. With respect to Pacheco, Heffernan and Mevec, the Amended Complaint has not alleged facts sufficient to overcome these defendants' claim of absolute immunity. Pacheco and Heffernan, as parole officers, are entitled to absolute immunity, see Scotto v. Almenas, 143 F.3d 105, 112 (2d Cir. 1998) ("Parole officers also receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature."), and Mevec is also entitled to immunity by virtue of his status as an administrative law judge, see Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("[O]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."). Accordingly, the Amended Complaint is dismissed with respect to Dubois, Pacheco, Heffernan and Mevec.

### B. The Amended Complaint Is Dismissed With Respect To The DOCCS

In addition to Dubois, Pacheco, Heffernan and Mevec, the Amended Complaint names the "NYS Division of Parole" as a defendant. The New York State Division of Parole and the New York State Department of Correctional Services have been merged to form the DOCCS. The DOCCS is not subject to liability for the Plaintiff's claims because "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (citing Hafer v. Melo, 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)). Furthermore, the Plaintiff's claims against this state agency are barred by the Eleventh Amendment, which precludes suits in federal court for damages against a state or state agency absent the state's consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Section 1983 has been held not to have abrogated states' sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 343, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and New York has not consented to suits in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-39 (2d Cir. 1977). Accordingly, this Court lacks jurisdiction over Griffin's claim against the DOCCS.

**The Plaintiff's Motion To Compel Is Denied**

The Plaintiff has filed a motion to compel requesting various documents, including a copy of his August 2008 writ of habeas corpus, the letter in opposition to the Plaintiff's August 2008 petition filed by the District Attorney, a copy of the log from the Orange County facility where the Plaintiff was held and the transcript and records related to the Plaintiff's June 2008 violation hearing. The Plaintiff, who is incarcerated and proceeding pro se, has stated that he reached out to both the New York State Division of Parole and the Department of Mental Health to obtain a transcript from his parole violation hearing as well as his mental health records, but has not received a response.

Because the Plaintiff's Amended Complaint is dismissed, the Plaintiff's motion to compel is denied without prejudice. The Plaintiff may renew his discovery request upon pleading a valid cause of action.

**Conclusion**

Based on the conclusions set forth above, the Plaintiff's motion to compel is denied and the Defendants'

11

motions to dismiss the Amended Complaint are granted.  Leave to replead within twenty days is granted.

It is so ordered.

**New York, NY**
**March 28, 2012**

_____
ROBERT W. SWEET
U.S.D.J.